# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:20-cv-60692

JERRY PAUL,
individually and on behalf of all
others similarly situated,                                CLASS ACTION

    Plaintiff,                                   JURY TRIAL DEMANDED

v.

ENVISION PHYSICIAN SERVICES, LLC,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff JERRY PAUL ("Plaintiff") brings this class action against Defendant ENVISION PHYSICIAN SERVICES, LLC ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1331, as Plaintiff alleges violations of a federal statute, namely, the TCPA.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

## PARTIES

4. Plaintiff is a natural person and is a resident of Broward County, Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5. Defendant is a Delaware limited liability company, with a principal address of 7700 West Sunrise Boulevard, Plantation, Florida 33322.

6. Defendant directs, markets, and conducts substantial business activities in Florida.

## FACTS

7. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Plaintiff and Phoenix Emergency Medicine of Broward, LLC, the creditor of the Consumer Debt, for the provision of medical services to Plaintiff on or about December 14, 2019 (the "Subject Service").

9. The Subject Service was primarily for personal, family, or household purposes.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

14. Defendant is not registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

16. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

17. On a date better known by Defendant, Defendant sent a letter to Plaintiff ("Collection Letter #1") in an attempt to collect the Consumer Debt.

18. Attached hereto as Exhibit "A" is a copy of Collection Letter #1.

19. Collection Letter #1 is a communication from Defendant to Plaintiff in connection with the collection of a debt.

20. Collection Letter #1 represents an action to collect a debt by Defendant.

21. DEFENDANT is a "person" within the meaning of Fla. Stat. § 559.72.

22. On or about March 9, 2020, Defendant was notified in writing (the "Notice") that: **[1]** Plaintiff was represented by an attorney with respect to the Consumer Debt; **[2]** Plaintiff revoked any consent Defendant had to communicate with Plaintiff directly; **[3]** Defendant was not to contact Plaintiff directly; and **[4]** any correspondence should be sent to Plaintiff's attorney.

23. Defendant received the Notice on March 9, 2020.

24. Upon receipt of the Notice, Defendant knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

25. Upon receipt of the Notice, Defendant knew Plaintiff was represented by an attorney with respect to the Consumer Debt.

26. Upon receipt of the Notice, Defendant knew it could not attempt to collect the Consumer Debt from Plaintiff directly.

27. By and through the Notice, Defendant had knowledge of, or could readily ascertain, the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

28. On or about March 14, 2020, despite knowing that Plaintiff was represented by an

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

attorney with respect to the Consumer Debt and that Defendant was not permitted to contact Plaintiff directly, Defendant sent Plaintiff a second letter ("Collection Letter #2") in an attempt to collect the Consumer Debt.

29. Attached hereto as Exhibit "B" is a copy of Collection Letter #2.

30. Collection Letter #2 is a communication from Defendant to Plaintiff directly in connection with the collection of the Consumer Debt.

31. Collection Letter #2 represents an action to collect a debt by Defendant.

32. Beginning in January-2020, Defendant began sending text messages to Plaintiff's cellular telephone number, ending in 1958 (the "1958 Number"), without Plaintiff's prior express consent in an attempt to collect the Consumer Debt.

33. Below is a depiction of *some* of the text messages Defendant sent to Plaintiff:



34. Defendant's tortious conduct against Plaintiff occurred in part within this district and,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

on information and belief, Defendant sent the same text message complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

35. At no point in time did Plaintiff provide Defendant with Plaintiff's express written consent to be contacted by text message using an ATDS.

36. Plaintiff is the sole user and/or subscriber of the 1958 Number.

37. The number used by or on behalf of Defendant, *i.e.*, 91962, is known as a "short code." Short codes are short digit sequences, significantly shorter than telephone numbers, that are used to address messages in the Multimedia Messaging System and short message service systems of mobile network operators.

38. The impersonal and generic nature of Defendant's text messages, coupled with the fact that they were originated from a short-code, demonstrates that Defendant utilized an automatic telephone dialing system, *i.e.*, an ATDS, in transmitting the messages.

39. To send the text message, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of automated text messages without any human involvement.

40. The Platform has the capacity to store telephone numbers.

41. The Platform has the capacity to generate sequential numbers.

42. The Platform has the capacity to dial numbers in sequential order.

43. The Platform has the capacity to dial numbers from a list of numbers.

44. The Platform has the capacity to dial numbers randomly.

45. The Platform has the capacity to dial numbers without human intervention.

46. The Platform has the capacity to schedule future transmission of text messages.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

47. Defendant's unsolicited text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted approximately five minutes reviewing all of Defendant's unwanted messages. Each time, Plaintiff had to stop what he (Plaintiff) was doing to look down at Plaintiff's phone to review the message.

48. Plaintiff was at home when he received *some* of complained of messages, which resulted in an audible sound and the disturbance of the domestic peace of Plaintiff's home.

49. Next, Plaintiff wasted approximately 20 minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text messages.

50. Plaintiff also wasted time responding "STOP" to the message so that he would no longer receive messages from Defendant.

51. After he replied "STOP," Plaintiff received another message confirming that he would no longer be contacted. Plaintiff spent additional time reviewing this reply.

52. Despite Plaintiff telling Defendant to "STOP," as shown above, Defendant continued, and to this day, continues, to send text messages to Plaintiff.

53. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least 30 minutes of time in addressing and attempting to stop Defendant's solicitations. This time was spent while Plaintiff was at home and could have been pursuing other personal activities.

54. Defendant's text messages to Plaintiff caused the depletion of Plaintiff's cellular telephone battery. The battery used to power Plaintiff's cellular telephone can only be recharged a limited number of times before the battery's voltage begins to decrease, causing the cellular phone to turn off completely, without warning, if the battery drops below the minimum voltage needed to safely power Plaintiff's cellular telephone.

55. Defendant's text messages took up memory space on Plaintiff's cellular telephone, with

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

each message taking up approximately 190 bytes. The cumulative effect of unsolicited text messages, such as those complained of by Plaintiff herein, poses a real risk of ultimately rendering the phone unusable for text messaging purposes as a result of the phone's memory being taken up. In fact, the FTC identified slower cell phone performance caused by a phone's memory being taken up as *real* harm.[1]

## CLASS ALLEGATIONS

56. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all others similarly situated.

**PROPOSED CLASS**

57. Plaintiff brings this case on behalf of the following classes:

> **No Consent Class**: **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was sent one or more text message **[5]** using the same type of equipment used to text message Plaintiff **[6]** from Defendant or anyone on Defendant's behalf.
>
> **Stop Class**: **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was sent one or more text message **[5]** after telling Defendant to *stop* **[6]** using the same type of equipment used to text message Plaintiff **[7]** from Defendant or anyone on Defendant's behalf.
>
> **FCCPA Class**: **[1]** All persons in the State of Florida **[2]** within the two years immediately preceding the filing of the Complaint; **[3]** that notified defendant, in writing, that said person was represented by an attorney with respect to a consumer debt; and **[4]** thereafter, Defendant communicated with said person directly in connection with the collection of said consumer debt.

---

[1] *See* https://www.consumer.ftc.gov/articles/0350-text-message-spam#text (finding that text message solicitations like the ones sent by Defendant present a "triple threat" of identity theft, unwanted cell phone charges, and slower cell phone performance).

58.     Defendant and their employees or agents are excluded from each class.

59.     Plaintiff does not know the number class members for each class, but believes the number of members in each class to be in the several thousands, if not more.

**NUMEROSITY**

60.     Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent.  The members of the **No Consent Class** and **Stop Class**, therefore, are believed to be so numerous that joinder of all members is impracticable.

61.     The exact number and identity of the members of each class is unknown at this time and can be ascertained only through discovery. Identification of each class member is a matter capable of ministerial determination from Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

62.     There are numerous questions of law and fact common to each of the class, of which predominate over any questions affecting only individual members of any class.

63.     With respect to the **No Consent Class** and **Stop Class**, the following are common questions of law and fact: **[1]** Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS; **[2]** Whether Defendant can meet their burden of showing that they obtained prior express written consent to make such calls; **[3]** Whether Defendant conduct was knowing and willful; **[4]** Whether Defendant are liable for damages, and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.

64.     With respect to the **FCCPA Class**, the following are common questions of law and fact: **[1]** Whether members received a letter from Defendant; **[2]** whether said letter attempts to collect a debt, **[3]** whether Defendant received notice that said member was represented by an attorney with respect to

PAGE | **8** of **14**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the debt Defendant sought to collect; and **[4]** Whether Defendant communicated directly with said consumer in connection with the collection of said debt after having notice that said consumer was represented by an attorney.

65. With respect to each class, the common questions in this case are capable of having common answers.

66. Plaintiff and the **No Consent Class** and **Stop Class** will have identical claims capable of being efficiently adjudicated and administered in this case if Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate.

67. Plaintiff and the **FCCPA Class** will have identical claims capable of being efficiently adjudicated and administered in this case if Plaintiff's claim that Defendant attempts to collect consumer debts from consumers without regard to whether said consumer is represented by an attorney is true.

## TYPICALITY

68. Plaintiff's claims are typical of the claims had by each respective class member, as such are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

69. Plaintiff is a representative who will fully and adequately assert and protect the interests of the No Consent Class, Stop Class, and the FCCPA Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the No Consent Class, Stop Class, and the FCCPA Class.

## SUPERIORITY

70. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by

PAGE | **9** of **14**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

each the No Consent Class, the Stop Class, and the FCCPA Class, are in the millions of dollars, the individual damages incurred by any individual class member resulting from Defendant wrongful conduct is too small to warrant the expense of individual lawsuits. The likelihood of individual class members prosecuting their own separate claims is remote, and, even if every member of each class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

71. The prosecution of separate actions by members of the No Consent Class, the Stop Class, and the FCCPA Class, would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the No Consent Class, Stop Class, and the FCCPA Class, although certain class members are not parties to such actions.

## COUNT I
## **VIOLATIONS OF 47 U.S.C. § 227(b)**
*On Behalf of Plaintiff and the No Consent Class*

72. Plaintiff re-alleges and incorporates paragraphs 1-71 as if fully set forth herein.

73. Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class. These calls, or more precisely, *text messages*, were sent without regard to whether Defendant had first obtained express permission from the called party to send such text message. In fact, Defendant did not have prior express consent to text the cell phones of Plaintiff or the other members of the putative Class when such text messages were sent.

74. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

75. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the No Consent Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the No Consent Class are also entitled to an injunction against future calls. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of No Consent Class.

76. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the No Consent Class, and against Defendant that provides the following relief:

(a) Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

(b) A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cell phones using an automatic telephone dialing system;

(c) A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to call or text the cell phones of Plaintiff and the No Consent Class; and

(d) Any other relief the Court finds just and proper.

### COUNT II
### VIOLATIONS OF 47 U.S.C. § 227(b)
*On Behalf of Plaintiff and Stop Class*

77. Plaintiff re-alleges and incorporates paragraphs 1-71 as if fully set forth herein.

78. Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class. These calls, or more precisely, *text messages*, were sent without regard to whether Defendant had first obtained express permission from the called party to send such text message. In fact, Defendant did not have prior express consent to text the cell phones of Plaintiff or the other members of the putative Class when such text messages were sent.

79. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class after Plaintiff and the other members of the Punitive Class explicitly told Defendant to *STOP* by replying to Defendant's text message.

80. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the No Consent Class, and against Defendant that provides the following relief:

(a) Statutory damages of 1,500 per violation;

(b) A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cell phones using an automatic telephone dialing system;

(c) A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to call or text the cell phones of Plaintiff and the No Consent Class; and

(d) any other relief the Court finds just and proper.

### *COUNT III*
### **VIOLATION OF FLA. STAT. § 559.72(18)**
*On Behalf of Plaintiff and FCCPA Class*

81. Plaintiff incorporates by reference paragraphs 1-71 of this Complaint as though fully stated herein.

82. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.." Fla. Stat. §559.72(18).

83. As stated above, as of March 9, 2020, Defendant knew Plaintiff was represented by an attorney with respect to the Consumer Debt. Despite knowing this, Defendant communicated and/or contact Plaintiff directly, by and through Collection Letter #2, in connection with the collection of the Consumer Debt.

84. Accordingly, Defendant violated Fla. Stat. § 559.72(18) by communicating Plaintiff directly in connection with the Consumer Debt *via* Collection Letter #2, as Defendant *knew* Plaintiff was represented by an attorney with respect to the Consumer Debt.

85. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a) Statutory damages as provided under Fla. Stat. §559.77(2);

    (b) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

    (c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

    (d) Any other relief that this Court deems appropriate under the circumstances.

## JURY DEMAND

86. Plaintiff, respectfully, demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

87. Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: April 3, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:	jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:	tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:	954-907-1136
Fax:	855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **14** of **14**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com