## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:20-cv-60692

JERRY PAUL,
individually and on behalf of all
others similarly situated,                                    CLASS ACTION

    Plaintiff,                                              JURY TRIAL DEMANDED

v.

ENVISION PHYSICIAN SERVICES, LLC,

    Defendant.

_____/

### DEFENDANT ENVISION PHYSICIAN SERVICES, LLC'S
### ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant ENVISION PHYSICIAN SERVICES, LLC ("Defendant") provides the following Answer to Plaintiff JERRY PAUL's ("Plaintiff") Class Action Complaint as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Defendant denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Defendant responds as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction is proper under 28 U.S.C. § 1331, as Plaintiff alleges violations of a federal statute, namely, the TCPA.

**ANSWER**:    Defendant admits the allegations in Paragraph No. 1.

2.      Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

**ANSWER**:    Defendant admits the allegations in Paragraph No. 2 to the extent that the Court has discretion to exercise supplemental jurisdiction over the FCCPA claim under 28 U.S.C. § 1367.

3.      Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

**ANSWER**:    Defendant admits that venue is proper under 28 U.S.C. § 1391(b) because it does business in this District.  Defendant denies the remaining allegations in Paragraph No. 3.

## PARTIES

4.      Plaintiff is a natural person and is a resident of Broward County, Florida.

**ANSWER:**    Defendant admits Plaintiff is a natural person.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 4.

5.      Defendant is a Delaware limited liability company, with a principal address of 7700 West Sunrise Boulevard, Plantation, Florida 33322.

**ANSWER**:    Defendant admits the allegations in Paragraph No. 5.

6.      Defendant directs, markets, and conducts substantial business activities in Florida.

**ANSWER**:    Defendant admits the allegations in Paragraph No. 6.

## FACTS

7.      On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

**ANSWER**:   Defendant admits that Plaintiff owed Defendant for healthcare services Defendant provided on December 14, 2019.

8.      The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Plaintiff and Phoenix Emergency Medicine of Broward, LLC, the creditor of the Consumer Debt, for the provision of medical services to Plaintiff on or about December 14, 2019 (the "Subject Service").

**ANSWER**:   Defendant states that the allegations in Paragraph No. 8 contain legal conclusions to which no response from Defendant is required.  Further answering, Defendant admits the allegations in Paragraph No. 8.

9.      The Subject Service was primarily for personal, family, or household purposes.

**ANSWER**:   Defendant states that the allegations in Paragraph No. 9 contain legal conclusions to which no response from Defendant is required.  Further answering, Defendant admits the allegations in Paragraph No. 9.

10.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

**ANSWER**:   Defendant denies the allegations in Paragraph No. 10.

11.     Defendant is a business entity engaged in the business of collecting consumer debts.

**ANSWER**:   Defendant denies the allegations in Paragraph No. 11.

12.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**ANSWER**:   Defendant admits that, among other services, it regularly collects or attempts to collect, directly or indirectly, debts for health care services.

13.     Defendant is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

**ANSWER**:     Defendant denies the allegations in Paragraph No. 13.

14.     Defendant is not registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

**ANSWER**:     Defendant admits the allegations in Paragraph No. 14.

15.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

**ANSWER**:     Defendant denies that it is required to maintain the records specified in Rule 69V-180.080, Florida Administrative Code.

16.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

**ANSWER**:     Defendant states that the allegations in Paragraph No. 16 contain legal conclusions to which no response is required by Defendant.  Further answering, Defendant denies that it is required to maintain the records specified in Rule 69V-180.080, Florida Administrative Code.

17.     On a date better known by Defendant, Defendant sent a letter to Plaintiff ("Collection Letter #1") in an attempt to collect the Consumer Debt.

**ANSWER:**     Defendant denies the allegations in Paragraph No. 17.

18.     Attached hereto as Exhibit "A" is a copy of Collection Letter #1.

**ANSWER**:     Defendant admits the allegations in Paragraph No. 18.

73606513.6

19.     Collection Letter #1 is a communication from Defendant to Plaintiff in connection with the collection of a debt.

**ANSWER**:     Defendant denies the allegations in Paragraph No. 19.

20.     Collection Letter #1 represents an action to collect a debt by Defendant.

**ANSWER**:     Defendant denies the allegations in Paragraph No. 20.

21.     DEFENDANT is a "person" within the meaning of Fla. Stat. § 559.72.

**ANSWER**:     Defendant admits the allegations in Paragraph No. 21.

22.     On or about March 9, 2020, Defendant was notified in writing (the "Notice") that: **[1]** Plaintiff was represented by an attorney with respect to the Consumer Debt; **[2]** Plaintiff revoked any consent Defendant had to communicate with Plaintiff directly; **[3]** Defendant was not to contact Plaintiff directly; and **[4]** any correspondence should be sent to Plaintiffs attorney.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 22, and therefore denies same.

23.     Defendant received the Notice on March 9, 2020.

**ANSWER**:     Defendant denies the allegations in Paragraph No. 23.

24.     Upon receipt of the Notice, Defendant knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

**ANSWER**:     Defendant states that the allegations in Paragraph No. 24 contain legal conclusions to which no response by Defendant is required.  Further answering, Defendant denies the allegations in Paragraph No. 24.

25.     Upon receipt of the Notice, Defendant knew Plaintiff was represented by an attorney with respect to the Consumer Debt.

**ANSWER**:   Defendant states that the allegations in Paragraph No. 25 contain legal conclusions to which no response by Defendant is required.  Further answering, Defendant denies the allegations in Paragraph No. 25.

26.     Upon receipt of the Notice, Defendant knew it could not attempt to collect the Consumer Debt from Plaintiff directly.

**ANSWER**:   Defendant states that the allegations in Paragraph No. 26 contain legal conclusions to which no response by Defendant is required.  Further answering, Defendant denies the allegations in Paragraph No. 26.

27.     By and through the Notice, Defendant had knowledge of, or could readily ascertain, the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

**ANSWER**:   Defendant states that the allegations in Paragraph No. 27 contain legal conclusions to which no response by Defendant is required.  Further answering, Defendant denies the allegations in Paragraph No. 27.

28.     On or about March 14, 2020, despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and that Defendant was not permitted to contact Plaintiff directly, Defendant sent Plaintiff a second letter ("Collection Letter #2") in an attempt to collect the Consumer Debt.

**ANSWER**:   Defendant admits it sent a letter to Plaintiff on March 14, 2020.  Further answering, Defendant states that the remaining allegations in Paragraph No. 28 contain legal conclusions to which no answer is required.  Defendant denies the remaining allegations in Paragraph No. 28.

29.     Attached hereto as Exhibit "B" is a copy of Collection Letter #2.

73606513.6

**ANSWER**:     Defendant admits the allegations in Paragraph No. 29.

30.     Collection Letter #2 is a communication from Defendant to Plaintiff directly in connection with the collection of the Consumer Debt.

**ANSWER**:     Defendant admits the allegations in Paragraph No. 30.

31.     Collection Letter #2 represents an action to collect a debt by Defendant.

**ANSWER**:     Defendant admits the allegations in Paragraph No. 31.

32.     Beginning in January-2020, Defendant began sending text messages to Plaintiffs cellular telephone number, ending in 1958 (the "1958 Number"), without Plaintiffs prior express consent in an attempt to collect the Consumer Debt.

**ANSWER**:     Defendant denies the allegations in Paragraph No. 32.

33.     Below is a depiction of *some* of the text messages Defendant sent to Plaintiff:

> Your medical bill is ready.
> View your bill at Envision.
> Opt-Out? Reply STOP. Std
> Msg rates may apply.
>
> Your request will be processed in 24 hours
>
> Your medical bill is OVERDUE. View
> bill at Envision. Opt-Out? Reply STOP. Std
> Msg rates may apply.
>
> Jerry, physician bill for visit at
> Envision is OVERDUE, Opt-out? Reply
> STOP. Std msg rates apply. Help?

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 33, and therefore denies same.

34.     Defendant's tortious conduct against Plaintiff occurred in part within this district and, on information and belief, Defendant sent the same text message complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

**ANSWER**:     Defendant does not challenge jurisdiction.  Further answering, Defendant denies the remaining allegations in Paragraph No. 34.

35.     At no point in time did Plaintiff provide Defendant with Plaintiff's express written consent to be contacted by text message using an ATDS.

**ANSWER**:     Defendant denies the allegations in Paragraph No. 35.

36.     Plaintiff is the sole user and/or subscriber of the 1958 Number.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 36.

37.     The number used by or on behalf of Defendant, *i.e.,* 91962, is known as a "short code." Short codes are short digit sequences, significantly shorter than telephone numbers, that are used to address messages in the Multimedia Messaging System and short message service systems of mobile network operators.

**ANSWER**:     Defendant admits that the text messages sent to Plaintiff reflected the number 91962.  Further answering, the remaining allegations in Paragraph No. 37 include legal conclusions to which no answer is required.

38.     The impersonal and generic nature of Defendant's text messages, coupled with the fact that they were originated from a short-code, demonstrates that Defendant utilized an automatic telephone dialing system, *i.e.,* an ATDS, in transmitting the messages.

**ANSWER**:   Defendant states that the allegations in Paragraph No. 38 include legal conclusions to which no answer from Defendant is required.  Further answering, Defendant denies the allegations in Paragraph No. 38.

39.   To send the text message, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of automated text messages without any human involvement.

**ANSWER**:   Defendant denies the allegations in Paragraph No. 39.

40.   The Platform has the capacity to store telephone numbers.

**ANSWER**:   Defendant states that the allegations in Paragraph No. 40 include legal conclusions to which no answer from Defendant is required.  Further answering, Defendant denies the allegations in Paragraph No. 40.

41.   The Platform has the capacity to generate sequential numbers.

**ANSWER**:   Defendant states that the allegations in Paragraph No. 41 include legal conclusions to which no answer from Defendant is required.  Further answering, Defendant denies the allegations in Paragraph No. 41.

42.   The Platform has the capacity to dial numbers in sequential order.

**ANSWER**:   Defendant states that the allegations in Paragraph No. 42 include legal conclusions to which no answer from Defendant is required.  Further answering, Defendant denies the allegations in Paragraph No. 42.

43.   The Platform has the capacity to dial numbers from a list of numbers.

**ANSWER**:   Defendant states that the allegations in Paragraph No. 43 include legal conclusions to which no answer from Defendant is required.

44.     The Platform has the capacity to dial numbers randomly.

**ANSWER**:   Defendant states that the allegations in Paragraph No. 44 include legal conclusions to which no answer from Defendant is required.  Further answering, Defendant denies the allegations in Paragraph No. 44.

45.     The Platform has the capacity to dial numbers without human intervention.

**ANSWER**:   Defendant states that the allegations in Paragraph No. 45 include legal conclusions to which no answer from Defendant is required.

46.     The Platform has the capacity to schedule future transmission of text messages.

**ANSWER**:   Defendant states that the allegations in Paragraph No. 46 include legal conclusions to which no answer from Defendant is required. Further answering, Defendant denies the allegations in Paragraph No. 46.

47.     Defendant's unsolicited text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted approximately five minutes reviewing all of Defendant's unwanted messages. Each time, Plaintiff had to stop what he (Plaintiff) was doing to look down at Plaintiff's phone to review the message.

**ANSWER**:   Defendant states that the allegations in Paragraph No. 47 include legal conclusions to which no answer from Defendant is required. Further answering, Defendant denies the allegations in Paragraph No. 47.

48.     Plaintiff was at home when he received *some* of complained of messages, which resulted in an audible sound and the disturbance of the domestic peace of Plaintiff's home.

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 48, and therefore denies same.

49.     Next, Plaintiff wasted approximately 20 minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text messages.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 49, and therefore denies same.

50.     Plaintiff also wasted time responding "STOP" to the message so that he would no longer receive messages from Defendant.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 50, and therefore denies same.

51.     After he replied "STOP," Plaintiff received another message confirming that he would no longer be contacted. Plaintiff spent additional time reviewing this reply.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 51, and therefore denies same.

52.     Despite Plaintiff telling Defendant to "STOP," as shown above, Defendant continued, and to this day, continues, to send text messages to Plaintiff.

**ANSWER**:     Defendant denies the allegations in Paragraph No. 52.

53.     In all, Defendant's violations of the TCPA caused Plaintiff to waste at least 30 minutes of time in addressing and attempting to stop Defendant's solicitations. This time was spent while Plaintiff was at home and could have been pursuing other personal activities.

**ANSWER**:     Defendant denies that it violated the TCPA.  Further answering, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 53, and therefore denies same.

54.     Defendant's text messages to Plaintiff caused the depletion of Plaintiffs cellular telephone battery. The battery used to power Plaintiff's cellular telephone can only be recharged a limited number of times before the battery's voltage begins to decrease, causing the cellular phone to turn off completely, without warning, if the battery drops below the minimum voltage needed to safely power Plaintiffs cellular telephone.

**ANSWER**:   Defendant denies that it caused Plaintiff any harm.  Further answering, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 54, and therefore denies same.

55.     Defendant's text messages took up memory space on Plaintiff's cellular telephone, with each message taking up approximately 190 bytes. The cumulative effect of unsolicited text messages, such as those complained of by Plaintiff herein, poses a real risk of ultimately rendering the phone unusable for text messaging purposes as a result of the phone's memory being taken up. In fact, the FTC identified slower cell phone performance caused by a phone's memory being taken up as *real* harm.[1]

**ANSWER**:   Defendant denies that it caused Plaintiff any harm.  Further answering, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 55, and therefore denies same.

---

[1]  *See*  https://www.consumer.ftc.gov./articles/0350-text-message-spam#text (finding that text message solicitations like the ones sent by Defendant present a "triple threat" of identity theft, unwanted cell phone charges, and slower cell phone performance).

73606513.6

## CLASS ALLEGATIONS

56.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all others similarly situated.

**ANSWER**:     Defendant admits that Plaintiff purports to bring this action on behalf of a putative class pursuant to Fed. R. Civ. P. 23.  Further answering, Defendant denies Plaintiff or the putative class is entitled to any relief from Defendant.

### PROPOSED CLASS

57.     Plaintiff brings this case on behalf of the following classes:

> **No Consent Class:** **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was sent one or more text message **[5]** using the same type of equipment used to text message Plaintiff **[6]** from Defendant or anyone on Defendant's behalf.

> **Stop Class:** **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was sent one or more text message **[5]** after telling Defendant to *stop* **[6]** using the same type of equipment used to text message Plaintiff **[7]** from Defendant or anyone on Defendant's behalf.

> **FCCPA Class:** **[I]** All persons in the State of Florida **[2]** within the two years immediately preceding the filing of the Complaint; **[3]** that notified defendant, in writing, that said person was represented by an attorney with respect to a consumer debt; and. **[4]** thereafter. Defendant communicated with said person directly in connection with the collection of said consumer debt.

13

**ANSWER**:   Defendant states that Paragraph No. 57 contains legal conclusions, not factual averments requiring a response from Defendant.  Further answering, Defendant denies this matter may properly be adjudicated on a class-wide basis.

58.   Defendant and their employees or agents are excluded from each class.

**ANSWER**:   Defendant states that Paragraph No. 58 contains legal conclusions, not factual averments requiring a response from Defendant.  Further answering, Defendant denies this matter may properly be adjudicated on a class-wide basis.

59.   Plaintiff does not know the number class members for each class, but believes the number of members in each class to be in the several thousands, if not more.

**ANSWER**:   Defendant denies this matter may properly be adjudicated on a class-wide basis.  Defendant denies the remaining allegations in Paragraph No. 59.

### NUMEROSITY

60.   Upon information and belief. Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent, The members of the No Consent Class and Stop Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

**ANSWER**:   Defendant denies the allegations in Paragraph No. 60.

61.   The exact number and identity of the members of each class is unknown at this time and can be ascertained only through discovery. Identification of each class member is a matter capable of ministerial determination from Defendant's records.

**ANSWER**:   Defendant denies this matter may properly be adjudicated on a class-wide basis.  Defendant denies the remaining allegations in Paragraph No. 61.

<u>**COMMON QUESTIONS OF LAW AND FACT**</u>

62.     There are numerous questions of law and fact common to each of the class, of which predominate over any questions affecting only individual members of any class.

**ANSWER**:     Defendant denies the allegations in Paragraph No. 62.

63.     With respect to the **No Consent Class** and **Stop Class**, the following are common questions of law and fact: **[1]** Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS; **[2]** Whether Defendant can meet their burden of showing that they obtained prior express written consent to make such calls; **[3]** Whether Defendant conduct was knowing and willful; **[4]** Whether Defendant are liable for damages, and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.

**ANSWER**:     Defendant states that Paragraph No. 63 contains legal conclusions, not factual averments requiring a response from Defendant.  Further answering, Defendant denies this matter may properly be adjudicated on a class-wide basis.

64.     With respect to the FCCPA Class, the following are common questions of law and fact: **[1]** Whether members received a letter from Defendant; **[2]** whether said letter attempts to collect a debt, **[3]** whether Defendant received notice that said member was represented by an attorney with respect to the debt Defendant sought to collect; and 141 Whether Defendant communicated directly with said consumer in connection with the collection of said debt after having notice that said consumer was represented by an attorney.

**ANSWER**:   Defendant states that Paragraph No. 64 contains legal conclusions, not factual averments requiring a response from Defendant.  Further answering, Defendant denies this matter may properly be adjudicated on a class-wide basis.

65.   With respect to each class, the common questions in this case are capable of having common answers.

**ANSWER**:   Defendant states that Paragraph No. 65 contains legal conclusions, not factual averments requiring a response from Defendant.  Further answering, Defendant denies this matter may properly be adjudicated on a class-wide basis.

66.   Plaintiff and the No Consent Class and Stop Class will have identical claims capable of being efficiently adjudicated and administered in this case if Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate.

**ANSWER**:   Defendant states that Paragraph No. 66 contains legal conclusions, not factual averments requiring a response from Defendant.  Further answering, Defendant denies this matter may properly be adjudicated on a class-wide basis and denies the remaining allegations in Paragraph No. 66.

67.   Plaintiff and the FCCPA Class will have identical claims capable of being efficiently adjudicated and administered in this case if Plaintiff s claim that Defendant attempts to collect consumer debts from consumers without regard to whether said consumer is represented by an attorney is true.

**ANSWER**:   Defendant states that Paragraph No. 67 contains legal conclusions not requiring a response from Defendant.  Further answering, Defendant denies this matter may

73606513.6

properly be adjudicated on a class-wide basis and denies the remaining allegations in Paragraph No. 67.

### TYPICALITY

68.     Plaintiff's claims are typical of the claims had by each respective class member, as such are all based on the same factual and legal theories.

**ANSWER**:     Defendant denies the allegations in Paragraph No. 68.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

69.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the No Consent Class, Stop Class, and the FCCPA Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the No Consent Class, Stop Class, and the FCCPA Class.

**ANSWER**:     Defendant states that Paragraph No. 69 contains legal conclusions not requiring a response from Defendant.   Further answering, Defendant denies this matter may properly be adjudicated on a class-wide basis and denies the remaining allegations in Paragraph No. 69.

### SUPERIORITY

70.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by each the No Consent Class, the Stop Class, and the FCCPA Class, are in the millions of dollars, the individual damages incurred by any individual class member resulting from Defendant wrongful conduct is too small to warrant the expense of individual lawsuits. The likelihood of

73606513.6

individual class members prosecuting their own separate claims is remote, and, even if every member of each class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

**ANSWER**:   Defendant states that Paragraph No. 70 contains legal conclusions not requiring a response from Defendant.  Further answering, Defendant denies this matter may properly be adjudicated on a class-wide basis and denies the remaining allegations in Paragraph No. 70.

71.   The prosecution of separate actions by members of the No Consent Class, the Stop Class, and the .FCCPA Class, would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the No Consent Class, Stop Class, and the FCCPA Class, although certain class members are not parties to such actions.

**ANSWER**:   Defendant states that Paragraph No. 71 contains legal conclusions not requiring a response from Defendant.  Further answering, Defendant denies this matter may properly be adjudicated on a class-wide basis and denies the remaining allegations in Paragraph No. 71.

### *COUNT I*
### *VIOLATIONS OF 47 U.S.C. § 227(b)*
*On Behalf of Plaintiff and the No Consent Class*

72.   Plaintiff re-alleges and incorporates paragraphs 1-71 as if fully set forth herein.

**ANSWER**:   Defendant re-alleges and incorporates its Answers to Paragraph Nos. 1-71 as if fully set forth herein.

73606513.6

73.     Defendant — or third parties directed by Defendant -- used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class. These calls, or more precisely, *text messages,* were sent without regard to whether Defendant had first obtained express permission from the called party to send such text message. In fact, Defendant did not have prior express consent to text the cell phones of Plaintiff or the other members of the putative Class when such text messages were sent.

**ANSWER**:   Defendant states that Paragraph No. 73 contains legal conclusions not requiring a response from Defendant.  Further answering, Defendant denies this matter may properly be adjudicated on a class-wide basis and denies the remaining allegations in Paragraph No. 73.

74.     Defendant violated § 227(b)( )(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

**ANSWER**:   Defendant denies the allegations in Paragraph No. 74.

75.     As a result of Defendant's conduct and pursuant to § 227(h)(3) of the TCPA, Plaintiff and the other members of the No Consent Class were harmed and are each entitled to a minimum of 5500.00 in damages for each violation. Plaintiff and the No Consent Class are also entitled to an injunction against future calls. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of No Consent Class.

**ANSWER**:   Defendant states that Paragraph No. 75 contains legal conclusions not requiring a response from Defendant.  Further answering, Defendant denies this matter may properly be adjudicated on a class-wide basis and denies the remaining allegations in Paragraph No. 75.

76.   WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the No Consent Class, and against Defendant that provides the following relief:

(a)   Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

(b)   A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cell phones using an automatic telephone dialing system;

(c)   A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to call or text the cell phones of Plaintiff and the No Consent Class; and

(d)   Any other relief the Court finds just and proper.

**ANSWER**:   Defendant denies that Plaintiff is entitled to any of the relief he seeks.

### COUNT II
### VIOLATIONS OF 47 U.S.C. § 227(b)
*On Behalf of Plaintiff and Stop Class*

77.   Plaintiff re-alleges and incorporates paragraphs 1-71 as if fully set forth herein.

**ANSWER**:   Defendant re-alleges and incorporates its Answers to Paragraph Nos. 1-71 as if fully set forth herein.

78.   Defendant — or third parties directed by Defendant - used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make

non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class. These calls, or more precisely, *text messages,* were sent without regard to whether Defendant had first obtained express permission from the called party to send such text message. In fact, Defendant did not have prior express consent to text the cell phones of Plaintiff or the other members of the putative Class when such text messages were sent.

**ANSWER**:   Defendant states that Paragraph No. 78 contains legal conclusions not requiring a response from Defendant.   Further answering, Defendant denies this matter may properly be adjudicated on a class-wide basis and denies the remaining allegations in Paragraph No. 78.

79.   Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class after Plaintiff and the other members of the Punitive Class explicitly told Defendant to *STOP* by replying to Defendant's text message.

**ANSWER**:   Defendant denies the allegations in Paragraph No. 79.

80.   WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the No Consent Class, and against Defendant that provides the following relief:

(a)   Statutory damages of 1,500 per violation;

(b)   A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cell phones using an automatic telephone dialing system;

(c)   A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to call or text the cell phones of Plaintiff and the No Consent Class; and

(d)   Any other relief the Court finds just and proper.

**ANSWER**:     Defendant denies that Plaintiff is entitled to any of the relief he seeks.

*COUNT III*
*VIOLATION OF FLA. STAT. § 559.72(18)*
*On Behalf of Plaintiff and FCCPA Class*

81.     Plaintiff incorporates by reference paragraphs 1-71 of this Complaint as though fully stated herein.

**ANSWER**:     Defendant incorporates by reference its Answers to Paragraph Nos. 1-71 of the Complaint as though fully stated herein.

82.     Section 559.72, Ha. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." Fla. Stat. §559.72(18).

**ANSWER**:     Defendant states that Paragraph No. 82 contains legal conclusions not requiring a response from Defendant.  Further answering, Fla. Stat. §559.72(18) speaks for itself, and Defendant denies each and every allegation inconsistent therewith.

83.     As stated above, as of March 9, 2020, Defendant knew Plaintiff was represented by an attorney with respect to the Consumer Debt. Despite knowing this, Defendant communicated and/or contact Plaintiff directly, by and through Collection Letter #2, in connection with the collection of the Consumer Debt.

**ANSWER**:     Defendant denies the allegations in Paragraph No. 83.

84.     Accordingly, Defendant violated Fla. Stat. § 559.72(18) by communicating with Plaintiff directly in connection with the Consumer Debt *via* Collection Letter #2, as Defendant *knew* Plaintiff was represented by an attorney with respect to the Consumer Debt.

**ANSWER**:   Defendant states that Paragraph No. 84 contains legal conclusions not requiring a response from Defendant.  Further answering, Defendant denies the allegations in Paragraph No. 84.

85.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)   Statutory damages as provided under Fla. Stat. §559.77(2);

(b)   An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c)   Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(d)   Any other relief that this Court deems appropriate under the circumstances.

**ANSWER**:   Defendant denies Plaintiff is entitled to any of the relief he seeks.

## JURY DEMAND

86.     Plaintiff, respectfully, demands a trial by jury on all issues so triable.

**ANSWER**:   Defendant admits Plaintiff has made a jury demand.

## DOCUMENT PRESERVATION DEMAND

87.     Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

**ANSWER**:   Defendant states that Paragraph No. 87 contains legal conclusions not requiring a response from Defendant.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendant pleads the following defenses to the Complaint:

### First Affirmative Defense
### (Consent)

1.      Defendant did not send Plaintiff telemarketing calls, therefore, express *written* consent is not required to authorize Defendant to send service or account-related texts via ATDS.

2.      Plaintiff's voluntarily providing his cell phone number is sufficient consent to authorize Defendant to send Plaintiff service or account-related texts via ATDS.

3.      Plaintiff completed the Broward Health Emergency Department intake form on December 14, 2019 and provided his cell phone number, a number ending in 8672.

4.      Defendant sent account-related texts to Plaintiff only through the number ending in 8672 after obtaining consent, as defined under the TCPA and interpreting regulations.

### Second Affirmative Defense
### (Estoppel / Waiver)

5.      All or some of Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

6.      Plaintiff provided Defendant the cell phone number in question, consenting to receive account-related text messages from Defendant at that number.

**Third Affirmative Defense**
**(Failure to State Claim - FCCPA)**

7.      Plaintiff fails to state a claim under Section 559.72, Ha. Stat., of the FCCPA upon which relief can be granted.

8.      Defendant never received notice from Plaintiff that he was represented by counsel.

9.      Defendant did not send the letters of which Plaintiff complains.

**Fourth Affirmative Defense**
**(Failure to State Claim - TCPA)**

10.     Plaintiff fails to state a claim under the TCPA upon which relief can be granted.

11.     Defendant did not send the texts of which Plaintiff complains.

**Fifth Affirmative Defense**
**(Causation: Third-party Conduct)**

12.     Plaintiff's claims against Defendant are barred in whole or in part because Defendant did not cause any of Plaintiff's alleged harm.

13.     Defendant is not responsible for the acts of independent third-parties.

14.     Defendant did not send the texts or letters of which Plaintiff complains.

**Sixth Affirmative Defense**
**(Lack of Concrete Harm – Lack of Standing)**

15.     Plaintiff cannot establish concrete harm.

16.     Plaintiff alleges that he was forced to "look down" at text messages; that the audible sound of text messages disturbed his "domestic peace;" that text messages depleted his cell phone battery; and that text message took up memory space on his phone.

17.     Under the controlling law in this District, these types of damages allegations do not rise to the level of concrete harm, required to confer standing to sue in federal court.

**Seventh Affirmative Defense**
**(Equipment Lacks the Functionality of an ATDS)**

18.     The equipment used to send the text messages at issue cannot randomly or sequentially generate numbers to send text messages to.

19.     The equipment used to send the text messages at issue cannot store numbers to send text messages to.

20.     The equipment used to send the text messages at issue cannot schedule future transmission of text messages.

21.     The equipment used to send the text messages at issue cannot independently select and dial from a list of numbers.

**Eighth Affirmative Defense**
**(Failure to Meet Class Action Requirements)**

22.     All or some of Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to meet the class action prerequisites for certification and maintenance of a Class Action.

23.     Plaintiff's Complaint fails to meet the Class Action prerequisites for maintenance of a class action, including the elements of numerosity, commonality, typicality, adequacy of representation, predomination of common questions of law and fact over individual issues, and superiority over other methods of adjudication.

26

**Ninth Affirmative Defense**
**(Additional Defenses)**

24.     Defendant reserves the right to amend these defenses and to add such other and additional defenses, cross-claims, counter-claims, or third-party claims as they may become known during the pendency of this action.

WHEREFORE, Defendant Envision Physician Services, LLC requests that this Court enter judgment in its favor, dismiss Plaintiff's Complaint in its entirety, and award Defendant its reasonable attorneys' fees and costs and such further relief as this Court deems just and appropriate.

DATED: May 19, 2020

Respectfully Submitted,

By: */s/ Rodney L. Lewis*
Rodney L. Lewis (*Admitted Pro Hac Vice*)
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Tel: 312-819-1900
Fax: 312-819-1910
*Email: rodneylewis@polsinelli.com*

J. Everett Wilson
Florida Bar No.  841625
POLSINELLI PC
1111 Brickell Avenue, Suite 2800
Miami, FL  33131
Tel. (305) 921-1700
*Email:everett.wilson@polsinelli.com*

*Attorney for Envision Physician Services, LLC,*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on May 19, 2020, I served the foregoing with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel of record.

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
Tel: 954-907-1136
Fax: 855-529-9540
Email: jibrael@jibraellaw.com
Email: tom@jibraellaw.com

*/s/ Rodney L. Lewis*

73606513.6